## CUNNINGHAM *et al. v.* BARKER.

A judge of a court of record in another State is, under the provisions of section 3621 of the Civil Code, authorized to take an acknowledgment of a deed to realty situated in this State, which is executed in the State where the court over which such judge presides is located.

Argued December 11, 1899. — Decided January 27, 1900.

Equitable petition. Before John C. Reed, judge pro hac vice. Fulton superior court. March term, 1899.

*W. R. Hammond* and *L. R. Ray*, for plaintiffs.
*King & Anderson*, for defendant.

COBB, J. There is but a single question involved in the present case, and that is, whether a judge of a court of record in another State can take an acknowledgment of a deed to realty situated in this State, when such deed is executed in the State where the court over which such judge presides is located, so as to authorize the deed to be admitted to record in this State under the provisions of section 3621 of the Civil Code. Our learned brother who presided as judge pro hac vice in the court below reached the conclusion that such an acknowledgment would authorize the record of the deed. We agree with him in this conclusion, and the reasons given by him in the opinion which appears in the record are so satisfactory to our minds that we adopt the same as the opinion of the court in the present case. The opinion referred to is as follows: "The deed was made without the State. It was attested by an unofficial witness, and also by Severy, who writes after his signature 'Judge, County Court, El Paso County, Colorado.' Further, there is a certificate by the judge of an acknowledgment of the deed before him, and there is a certificate of the clerk that the court is one of record, and that the signature of the judge to the certificate of the latter is genuine. The deed and the two certificates are dated December 2, 1896. The certificates, it is admitted, are in proper form. The petition contends that as the clerk fails to certify the genuineness of the judge's signature in his attestation, not in the acknowledgment which he took, the execution of the deed is fatally

defective.   On the other hand, the defendant contends that the acknowledgment makes the execution good.   To decide this contention we must construe section 3621 of the Civil Code, which is the act of 1895 (Acts 1895, p. 73).   This act took the place of the first sentence of section 3706 of the Code of 1882 and the amendatory act of 1893.   Acts 1893, p. 37.   The second sentence of the section last cited contains a provision for the acknowledgment of deeds made within the State, such provision now appearing in section 3621 of the Civil Code; while the Code of 1882 and the act of 1893 provided only for attestation of deeds made without the State. To state this more clearly: before the act of 1895, as the legislature seems to believe, deeds made within the State could be executed both by attestation and acknowledgment, but deeds made without the State could be executed only by attestation. This apparent restriction upon the execution of the deeds last mentioned was the supposed evil of the old law, and the remedy given by the act of 1895 is its permission that such deeds be acknowledged before all officials who have authority to attest such papers, and so to make the execution both of deeds made beyond and those made within the State as nearly alike as possible.   After the act was passed parties to a deed made out of the State could have the same choice of executing it by acknowledgment or by attestation as parties to one made at home and under the former law.   The purpose of the act of 1895 is declared in its title to be 'to prescribe the method of attestation and acknowledgment of deeds executed without the State.'   At the beginning of the first section it is enacted that such a deed 'must be attested by or acknowledged before' named officers.   At the end of the section is a significant change of certain language of the act of 1893.   The latter required a clerk to certify that the notary before whom the deed was executed was 'authorized by law to attest deeds,' but the act of 1895 requires the clerk to certify that such notary is 'authorized by law to attest deeds and take acknowledgments thereof.'   Thus the title, the commencement, and the end of the enactment show clearly that its intention is to place acknowledgment on the same footing as attestation.

"It is strenuously contended by the petitioners' counsel that the use of 'by' in the clause 'or by a judge,' etc., in the 6th line of the section of the code under consideration, prevents our supplying from the context any other words before it except 'attested'; that one must needs read 'or attested by a judge' and not 'attested by or acknowledged before a judge'; and that 'by' correctly goes in construction with 'attested' and never with 'acknowledged,' which verb demands 'before' and not 'by' to complete its sense. Such an error of grammar as is shown by this criticism does not vitiate what we have found to be the clearly expressed intention of the legislature. That intention demands that we treat 'by' as redundant. If the act be read without it, the body and end of the main section are all in harmony with the title as it now stands. But under the petitioners' construction the act of 1895 ought to have borne a title substantially like this: 'An act to prescribe how deeds executed out of the State shall be attested by or acknowledged before commissioners of deeds, and consuls and vice-consuls, and how such deeds shall be attested by judges, clerks and notaries.' No reason is suggested why in this matter the powers of one class of officers should be enlarged and those of another class be diminished, or why a party should be allowed the convenience of acknowledging his deeds before commissioners accessible only in the larger towns and cities of our country, and consuls and vice-consuls accessible only in foreign nations, and be denied it before other officers of at least equal importance, that is, judges and clerks of courts of record and notaries public, who can be found everywhere. If one construction makes legislative action foolish and unwise, and another makes it effectually cure an evil and bring all of the law of the subject into harmony, and if these constructions are equally sustained by the words of the act, no judge would hesitate to adopt the latter. But in this case, both the letter and spirit combine in support of the construction which makes the act a complete and not a fragmentary and insufficient reform of the old law. A brief examination will show how the clauses commencing with 'or by' got into the act of 1895, and what they mean. The act was evidently composed from materials found in the

first sentence of section 2706 of the Code of 1882, and the act of 1893. The draftsman took the sentence just mentioned entire, interlining in it, after 'attested by,' the words 'or acknowledged before,' which is the only addition of his own. The first 'or by' occurs here, that is 'or by a judge,' etc. He deemed it unnecessary to rewrite between two little words the phrase 'attested by or acknowledged before,' which he had connected so plainly with each of the three officers first named, that is, deed commissioner, consul, and vice-consul; he felt it was just as plainly connected with the next officer he named, that is, a judge of a court of record. And he felt the same as to the two officers next mentioned, namely, clerk and notary, and so he preceded each with 'or by,' not seeing that in order to fitly express his intention he ought to have blotted out 'by' in the clause he took from the Code of 1882 and should not have inserted it later before 'clerk' and 'notary.' This explanation of the sense in which he used these words, and why he so used them, is strongly supported by his carefully adding to the certificate required by the act of 1893 a statement of the notary's authority to take acknowledgments of deeds. I hold that the attestation of the deed attacked by the petition is bad, but that its acknowledgment is good, and I therefore sustain the demurrer." *Judgment affirmed. All the Justices concurring.*